UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAWOS AMOKHAN,<br>Petitioner,<br>v.<br>TODD BLANCHE et al,<br>Respondents. | CASE NO. 2:26-cv-04360-TL<br><br>ORDER ON EMERGENCY MOTION FOR ORDER PREVENTING TRANSFER DURING PENDENCY OF PETITION |

This matter is before the Court on Petitioner Tawos Amokhan's Emergency Motion for Order Preventing Transfer During Pendency of Petition. Dkt. No. 10. Petitioner's emergency motion seeks an order barring Respondents from removing him during the pendency of his petition. Dkt. No. 10-2 (Proposed Order).

On November 10, 2026, Petitioner filed a petition for writ of habeas corpus seeking, among other things, release from custody. Dkt. No. 1. That same day, the Court issued a Scheduling Order, which included an order that:

> Respondents shall provide Petitioner(s) and Petitioner(s)' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States. Respondents shall also (1) file the notice of intent to transfer or remove on the Court's docket; and (2) file a notice on the docket if the transfer or removal is completed.

Dkt. No. 5 at 2. Petitioner's habeas petition counsel was notified today by Petitioner's immigration court counsel that Respondents are in the process of removing Petitioner to a different detention facility. *See* Dkt. No. 10 at 2. Petitioner provides proof of Respondents' intent to remove him to another detention facility via an exhibit of an email his immigration court counsel received from Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 10-1 (email from ICE regarding intent to transfer) at 3. Petitioner's habeas petition counsel asserts that "Despite this Court's scheduling order, undersigned counsel has never received any communication from Respondents suggesting that they were planning to transfer Mr. Amokhan to another facility. Nor have Respondents filed any notice of intent to transfer or remove on the Court's docket." Dkt. No. 10 at 2. Lastly, Petitioner's habeas petition counsel asserts that he contacted the United States Attorney's Office about the transfer but has not received a response. *Id*.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is

particularly so when the order is necessary to prevent action that would otherwise destroy the court's jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

Accordingly, the Court ORDERS as follows:

(1) Petitioner's Emergency Motion for Order Preventing Transfer During Pendency of Petition (Dkt. No. 10) is PROVISONALLY GRANTED, pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

(2) Respondents ARE PROHIBITED from removing Petitioner from the United States or transferring him from the Northwest ICE Processing Center to any other detention facility during the pendency of these proceedings, without further order, unless such transfer is necessary for medical evaluation, medical treatment, or release.

(3) Respondents' counsel SHALL remind its clients of the requirements of the Scheduling Order.

(4) Petititioner's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on: (1) a briefing schedule for the emergency motion; and (2) whether Respondents will agree to a stipulated order to not remove or transfer Petitioner during the pendency of this action.

(5) If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case within **five (5) days of this Order**. If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the emergency motion pursuant to the schedule set by Local Civil Rule 65, once notice is accomplished.

(6) The Clerk is DIRECTED to send copies of this Order to ICE and EOIR at the following email addresses: (a) OPLASeattlefedlit@ice.dhs.gov; (b) TacomaLEOs@ice.dhs.gov; and (c) OCIJ.Habeas.Orders@usdoj.gov.

Dated this 25th day of November, 2026.

Tana Lin
United States District Judge